**Montie G. ELDRIDGE, Individually and on behalf of all other persons similarly situated, Plaintiffs,**

**Candido Armijo, Intervenor,**

**v.**

**Con F. SHEA, Individually and as Executive Director of the Department of Social Services, State of Colorado, et al., Defendants.**

**Civ. A. No. C–3806.**

United States District Court, D. Colorado.

July 3, 1973.

Frank Dubofsky, Colorado Rural Legal Services, Denver, Colo., John Kuenhold, Colorado Rural Legal Services, Alamosa, Colo., and William Redak, Colorado Rural Legal Services, La Junta, Colo., for plaintiffs.

Douglas D. Doane, Sp. Asst. Atty. Gen., Denver, Colo., for defendants.

Before McWILLIAMS, Circuit Judge, and ARRAJ and FINESILVER, District Judges.

## OPINION AND ORDER

ARRAJ, District Judge.

Plaintiffs are totally and permanently disabled recipients under Colorado's Old Age Pension (OAP) program. They claim, on behalf of themselves and others similarly situated, that Colorado's statutory scheme which provides "home care" and "essential person" benefits to eligible Aid to the Needy Disabled (AND) recipients, but which denies these special care benefits to those who are eligible for OAP and who, but for this eligibility, would be eligible for special care benefits, is a denial of equal protection.

Plaintiffs have met the class action requirements of Rule 23(a) and (b)(2), Fed.R.Civ.P. Thus their motion to certify the action as a class action will be granted. The class will include all Colorado residents who are eligible for OAP assistance, who are totally and permanently disabled, and who, but for their eligibility for OAP, would be eligible to receive special care benefits available under AND.

Since plaintiffs seek to enjoin the state statutory scheme responsible for alleged unconstitutionally disparate treatment, this three-judge court has been convened. 28 U.S.C. § 2281. Jurisdiction exists under 28 U.S.C. § 1343(3). The matter is now before us on cross motions for summary judgment.

Colorado participates in the federal Aid to the Permanently and Totally Disabled (APTD) program, Title XIV of the Social Security Act, 42 U.S.C. § 1381 et seq. (1969), under its plan for Aid to the Needy Disabled (AND). C.R.S. § 119–6–1 et seq. (1963). It has further joined in the federal Old Age Assistance (OAA) program, Title I of the Social Security Act, 42 U.S.C. § 301 et seq. (1969), by providing pensions under its OAP–A program to qualifying individuals 65 years and older. C.R.S. § 101–1–4(1)(c) (1963). Old age pensions are also made available to eligible individuals between 60 and 65 under Colorado's OAP–B program, C.R.S. § 101–1–4(1)(b) (1963); this program is totally funded by the state.

Under Colorado's AND program, recipients may be provided with "home care" and "essential person" benefits. These benefits are monetary allowances given to eligible recipients for services rendered in the home which the recipient, because of his disability, cannot provide for himself. Home care allowances are given in lieu of nursing home care.[1] Essential person allowances are

---

1. Regulation 4322.34 provides:
   HOME CARE.
   In addition to the allowances for basic requirements, shelter, utilities, and special requirements, an allowance may be made in an AB or AND recipient's money payment for the care of the recipient in his own home when there is a qualified per-

provided when the essential person is rendering a service which would have to be provided for the recipient if he were living alone.[2]

No such benefits are made available under the OAP program. Indeed, C.R.S. § 119–6–6(8) (1963), provides "(1) [AND] Assistance shall be given under this article to any person: . . . (8) Who is under sixty years of age or *if over sixty years of age is ineligible for state old age pension.*" (Emphasis added). Thus a person eligible for OAP benefits is deemed ineligible for AND benefits. Regulation 4031 of the Colorado State Department of Social Services additionally requires that when an AND recipient becomes eligible for OAP, he must make application therefor.

Plaintiff Eldridge is 87 years old and is eligible for OAP–A. He is also totally and permanently disabled. Eldridge applied for home care benefits, but was denied these benefits since, under the above statutes, the benefits were not available to those eligible for OAP. Nevertheless, he would be eligible for home care benefits if he were a recipient of AND.

Plaintiff Armijo is 63 years old and is eligible for OAP–B. He suffers from a serious heart disease and is in need of attention. Armijo applied for home care or essential person benefits but was denied these benefits for the same reason as Eldridge. If he is not provided with home care or essential person benefits, Armijo may require nursing home care.

The denial of the home care and essential person benefits to plaintiffs, while allegedly similarly situated AND recipients are provided with the benefits, is claimed to violate plaintiffs' Fourteenth Amendment rights to equal protection of the laws. Plaintiffs also have argued that Colorado's statutory

---

son available to perform such care, and if the recipient would require nursing home care if such home care were unavailable. The allowance for such home care is made in lieu of nursing home care, and therefore such care should be expected to benefit the recipient equally as much as nursing home care. The need for such care must be medically established by use of *Form NH–7* and the criteria prescribed to establish the need of an individual for nursing home care.

The allowance for home care is made to the recipient for payment to the person providing care, in the amount determined by the county department, to provide reasonable compensation for the time and personal services required to provide the particular care needed by the individual. It may not exceed $206 monthly.

2. Regulation 4322.31 provides:
   ESSENTIAL PERSONS.
   A standard allowance for the basic requirements of a recipient and an essential person is included in the budget of an AND or AB recipient by applying the table at 4322.1 on the basis of two adults in the grant. The county department determines and records in the narrative that the essential person is rendering a service of a kind which, if the recipient were living alone, would have to be provided for him. Shelter for the recipient and the essential person is computed on the basis of actual cost (see 4322.21). The standard allowance for utilities is made as applicable. (See 4322.21).

The county department first determines the income and property of such a person in the same manner as for the AB or AND recipient and the same policies with respect to exempt income and property are applicable. If the non-exempt income of the essential person is equal to or exceeds the difference between the allowances for one adult and two adults for basic requirements, * plus such person's prorated share of common household expenses * he is ineligible for inclusion in the AB and AND budget. If the non-exempt property of the essential person exceeds $1,000 he is likewise ineligible for inclusion. * Where the essential person is ineligible for inclusion in the grant the provisions of 4315.3 concerning non-recipient spouse income should be considered.*

If the essential person's income is less than the amount which would render him ineligible, it is deducted, along with any income of the recipient, from the total budgeted needs.

As an alternative to inclusion of an individual in the AB or AND budget * * * who the recipient regards as essential, * * * the county department may find that the provisions concerning an allowance for home care of the individual is a better plan (see 4322.34).

scheme limiting AND eligibility to those ineligible for OAP is invalid since it is not authorized by the Social Security Act. We need not reach these issues, however. A new HEW regulation has made the resolution of this case rather clear.

As of February 12, 1973, 45 C.F.R. § 206.10 has been amended to read:

(a) State plan requirements. A state plan under Titles I, IV–A, X, XIV, XVI, or XIX of the Social Security Act must provide that: (1) Each individual wishing to do so will have the opportunity to apply for assistance under the plan without delay. Under this requirement (i) *each individual may apply under whichever of the state plans he chooses.* . . . (Emphasis added).

42 U.S.C. § 1352(a)(10) further requires that aid under Title XIV programs (Colorado's AND) shall be given "to all eligible individuals." C.R.S. § 119–6–6(8) and Regulation 4031, on the other hand, in effect preclude an individual eligible for OAP from applying for AND. These Colorado eligibility provisions are thus in direct conflict with the new federal regulation.

■ The Supreme Court has repeatedly invalidated state eligibility standards in federal-state welfare programs which are not authorized by Congress. If unauthorized, the state provisions are deemed inconsistent with the federal statutory scheme and are thus held invalid under the Supremacy Clause. Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Here, where Colorado's eligibility provisions are in direct conflict with an express mandate under the federal Social Security Act, there is even stronger reason to disapprove the conflicting state statute and regulation. *See* Boisvert v. Zeiller, 334 F.Supp. 403 (D.N.H.1971). Accordingly, we hold that C.R.S. § 119–

6–6(8) and Department of Social Service Regulation 4031 are invalid as inconsistent with the federal Social Security Act and the regulations thereunder.

■ In accordance with the new regulation, Eldridge, Armijo, and all persons similarly situated can choose to apply for AND benefits and receive home care or essential person allowances under that plan. Thus the basic relief they seek is obtainable under the new regulation. And since a temporary restraining order was issued precluding the denial of special care benefits to Eldridge and Armijo until final resolution of the merits, these plaintiffs have not been damaged by the state's action during the pendency of this litigation. As a court sitting in equity, however, we deem it inadvisable to award benefits wrongfully withheld in the past to named plaintiffs or to plaintiffs as a class, as plaintiffs further request. Such relief may place a substantial financial burden on the state, and this potential burden, we feel, may not be justified where the invalidity of the state's scheme prior to the new regulation was not free from all doubt. *Cf.* Tindall v. Hardin, 337 F.Supp. 563, 566 (W.D.Pa. 1972).

It is therefore

ORDERED:

1) that plaintiffs' motion to certify this action as a class action be and the same hereby is granted, the class to consist of all Colorado residents who are eligible for OAP assistance, who are permanently and totally disabled, and who, but for their eligibility for OAP, would be eligible to receive special care benefits available under AND;

2) that plaintiffs' motion for summary judgment be and the same hereby is granted;

3) that since C.R.S. § 119–6–6(8) and Colorado State Department of Social Services Regulation 4031 are inconsistent with the federal Social Security Act and the regulations thereunder, these provisions are hereby declared unen-

forceable as long as Colorado participates in the federal program of Aid to the Permanently and Totally Disabled; and

4) that defendants and their agents and employees are enjoined from enforcing C.R.S. § 119–6–6(8) and Colorado State Department of Social Services Regulation 4031, and from refusing to allow plaintiffs to apply for and to receive benefits under Colorado's Aid to the Needy Disabled program.